IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PRESQRIBER, LLC, | ) |
| Plaintiff | ) |
| | ) Case No. 6:14-cv-439 |
| v. | ) |
| AMAZING CHARTS, LLC, | ) |
| Defendant. | ) |

**DEFENDANT AMAZING CHARTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE
EXPEDITED DISCOVERY ON PENDING MOTIONS TO DISMISS**

Defendant Amazing Charts, LLC ("Amazing Charts") responds to Plaintiff Presqriber, LLC's ("Presqriber") Motion for Leave to Take Limited and Expedited Discovery on Pending Motions to Dismiss ("Motion for Leave").

**FACTUAL BACKGROUND**

On May 8, 2014, Presqriber filed the Complaint in the instant action. Dkt. 1. On July 30, 2014 – before Amazing Charts had answered – Presqriber announced that it would seek discovery from Amazing Charts in response to certain motions to dismiss filed by other parties, unrelated to Amazing Charts, in other lawsuits. Declaration of Timothy R. Shannon ("Shannon Decl.") at Ex. 1.[1]  Counsel for Presqriber also attached draft copies of the discovery requests, consisting of 53 Requests for Admission and an Interrogatory.[2]  Shannon Decl. at Exs. 2, 3. The Requests for Admission consisted largely of contention interrogatories, for example:

> Admit that the Accused Instrumentalities, in their normal intended
> use, include "means for accepting and processing medication

---

[1] A copy of the Shannon Declaration is attached hereto as Exhibit A.

[2] These representative discovery requests are essentially the same as those Presqriber seeks leave to serve on Amazing Charts. *Compare*, Shannon Decl., Exs. 2 and 3 *with* Shannon Decl., Exs. 5 and 6.

prescription comprising means for modifying previous medication prescriptions," as set forth in Claim 9 of the '095 Patent.

Shannon Decl., Ex. 2 at 7. The lone Interrogatory asked for a complete explanation of all denials, *i.e.* the basis for Amazing Charts' contentions. Shannon Decl., Ex. 3 at 1 (asking for an "in detail" explanation as to why the respondent did not unequivocally admit all of the foregoing requests). Presqriber announced it would only withdraw these requests if the other parties, unrelated to Amazing Charts, in other lawsuits, gave up on their proposed motions to dismiss. Shannon Decl., Ex. 1 at 1. On August 4, 2014, Amazing Charts answered. Dkt. 15.[3]

On August 12, 2014, Presqriber announced it would seek leave from the Court to propound the discovery already served. Shannon Decl. at Ex. 7. That same day, Presqriber filed its Motion for Leave. Dkt. 16. In it, Presqriber requested leave to serve the same 53 Requests for Admission and lone Interrogatory on not only the defendants who filed a motion to dismiss, but also parties such as Amazing Charts who did not. Dkt. 16 (Motion for Leave) at ¶ 22.[4]

No Rule 26(f) conference has occurred. No scheduling hearing has occurred. No scheduling order exists. No Patent Rule 3-1 disclosures have been served by Presqriber. Amazing Charts has no idea why it has been sued, which claims are asserted, under what theory, or why. The Requests for Admission themselves are overbroad and/or incomprehensible, defining the accused devices in terms of an "ONC-ATCB Certification" that – as far as Amazing Charts knows – has nothing to do with the patent-in-suit.

---

[3] That same day, counsel for Presqriber provided "service copies" of its discovery requests, Presqriber's Requests for Admission to Defendant Amazing Charts Relating to Section 101 Motions to Dismiss ("Requests for Admission") and its Interrogatory to Defendant Amazing Charts Relating to Section 101 Motion to Dismiss ("Interrogatory"). Shannon Decl., Exs. 4-6.

[4] Between July 29, 2014 and August 1, 2014, four other parties in four other cases filed a motion to dismiss on the grounds that the '095 Patent fails to claim patentable subject-matter. *See* Dkt. 16 at 2.

**ARGUMENT**

I.     <u>The Requested Discovery is Improper</u>

The requested discovery requests are improper, first and foremost, because they do not arise from this action.  Presqriber has propounded these contention interrogatories (dressed up as requests for admission) in response to matters and movements outside this lawsuit.  It is burdening Amazing Charts in service of a different lawsuit, against a different party.  Presqriber points to no authority – no case law, no rules, no statute – that allows it to seek discovery from Amazing Charts for use in responding to other parties' motions.

II.    <u>The Requested Discovery is Premature and thus Prejudicial</u>

Presqriber's proposed is discovery is premature under both Fed. R. Civ. P. 26(d)(1) and P.R. 2-5.  Under Rule 26, discovery may not be sought prior to the parties' conference pursuant to Rule 26(f).  Fed. R. Civ. P. 26(d)(1).  Under P.R. 2-5, a party may not attempt to elicit another party's claim construction position prior to the schedule provided under the Patent Rules.  Presqriber even admits its discovery requests are premature.  *See* Motion for Leave at ¶ 21 (referring to Fed. R. Civ. P. 26 and P.R. 2-5 and seeking leave to serve discovery).[5]

Given the early stage of this case, the requested discovery is also prejudicial.  It forces Amazing Charts to choose between waiving claim construction and admitting infringement on nine limitations or disclosing its claim construction and non-infringement positions.  Under this Court's Patent Rules – just as in other courts throughout the country – a plaintiff is expected to disclose its infringement theory *prior* to discovery.  *See* P.R. 3-1 (requiring plaintiff to serve its initial infringement contentions ten day prior to the Initial Case Management Conference); *see*

---

[5]  We note, too, that the discovery is improperly long.  Presqriber's Interrogatory contains fifty-three subparts.  *See* Motion for Leave at ¶ 19 (noting that its Interrogatory "asks the defendant to, for each request for admission that the defendant does not unequivocally admit, identity and explain in detail all reasons why the defendant did not admit the request").  This is far in excess of the maximum number allowed by the Court's standard discovery order.

3

*also, e.g.*, *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005) ("The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions *before discovery has even begun.*") (emphasis added). The plaintiff bears the burden of proof on infringement. Amazing Charts is not obligated to pose hypothetical answers to contentions that have never been made. Presqriber is entitled to answers *after* it makes its disclosures under P.R. 3-1.[6] Allowing Presqriber to pry into Amazing Chart's claim construction and non-infringement position now, under the guise of information necessary to prove the validity of its patent, is not only unwarranted, it is prejudicial.

The timing is also unreasonable. Rule 26 of the Federal Rules of Civil Procedure requires a reasonable amount of time (*i.e.* after the Rule 26(f) conference) for a party to make even basic initial disclosures. *See, e.g.*, Fed. R. Civ. P. 26(a)(1)(C). This Court's Patent Rules contemplate an orderly schedule for disclosing much of this information spanning a number of months. *See* P.R. 3-1 – P.R. 4-5. By comparison, the plaintiff here is seeking substantive answers on complex non-infringement and claim construction contentions – without even the benefit of seeing what products or features are accused, on what grounds, or why – within 30 days.

### III. No Good Cause Exists to Allow Presqriber to Seek the Requested Discovery

The requested discovery is improper, too, because it has no bearing on the other parties' motions to dismiss. Discovery is generally not permitted in responding to a Rule 12(b)(6) motion to dismiss. *See, e.g. Encompass Office Solutions, Inc. v. Ingenix, Inc.*, No. 4:10-cv-96,

---

[6] We note further that with regard to its requests seeking Amazing Charts' non-infringement position, Presqriber fails to make the connection between Amazing Chart's infringement position and the validity of the '095 Patent.

4

2010 WL 2639563, *1 (E.D. Tex. June 28, 2010) (rejecting the plaintiff's request for discovery, reasoning that because the Court is not permitted to go outside of the complaint, discovery was not warranted). Rule 12(b)(6) motions are decided on questions of law. Patentability under 35 U.S.C. § 101 is quintessentially a question of law. *E.g. Dealertrack, Inc. v. Huber,* 674 F.3d 1315, 1333 (Fed. Cir. 2012).

Presqriber spends over four pages of its Motion arguing that the various motions to dismiss should be denied because there are facts that must be developed before the Court can resolve the '095 Patent's validity. *See* Motion for Leave at ¶¶ 8-15. Presqriber even points to specific limitations that, in its view, save the '095 Patent from a Section 101 challenge. *E.g.* Motion for Leave at ¶ 11. If Presqriber believes this to be true, no discovery would be needed. Reflective of this, Presqriber even includes in its Motion for Leave a section titled "Denial of the Section 101 Motions to Dismiss Would be Appropriate Now." Motion for Leave at 10. By Presqriber's own admission, the requested discovery is unnecessary.

Neither *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335 (Fed. Cir. 2013) nor *Rockstar Consortium US LP v. Samsung Electronics Co.*, No. 2:13-cv-00894, 2014 WL 1998053 (E.D. Tex. May 15, 2014) help. *Ultramercial* is no longer good law; it was recently vacated and remanded in light of *Alice Corp v. CLS Bank Int'l,* 573 U.S.___ (2014). *Wildtangent, Inc. v. Ultramercial, LLC*, 134 S.Ct. 2870 (U.S. June 20, 2014). Even if it were still good law (it is not) it is silent as to whether early discovery along the lines of what Presqriber seeks is appropriate. It involved the dismissal of claims for failure of a patent to claim statutory subject matter pursuant. *Ultramercial*, 722 F.3d at 1338. Early discovery was not at issue. *See id.* The same is true for *Rockstar*. 2014 WL 1998053 at *4 (denying motion to dismiss and relying on *Ultramercial*). Presqriber's reliance on *Secure Access, LLC v. Trustmark National Bank*, No.

5

6:13-cv-788, 2014 WL 3884258 (E.D. Tex. Aug. 7, 2014) is no better. At issue there was jurisdictional discovery related to a motion brought under Fed. R. Civ. P. 12(b)(3).[7] *Secure Access*, 2014 WL 3884258 at *1. In deciding a motion under Rule 12(b)(6), a court need not go outside the pleadings. *See* Fed. R. Civ. P. 12(d). In contrast, when considering a challenge to venue under Rule 12(b)(3), a court is entitled to look outside of the four corners of the pleadings. *See, e.g.*, *Norsworthy v. Mystik Transp., Inc.*, 430 F. Supp. 2d 631, 633 (E.D. Tex. 2006) (looking to statements made in affidavit in considering a motion brought under Rule 12(b)(3)). *Secure Access* has no application here.

## CONCLUSION

The plaintiff is seeking a set of premature, overlong, contention interrogatories in violation of *inter alia* Fed. R. Civ. P. 26 and P.R. 2-5 and is doing so for an improper reason: to respond to other motions, filed by other parties, in other lawsuits. The proposed discovery is improper and prejudicial. Presqriber's Motion for Leave should be denied.

---

[7] Although the motion at issue in *Secure Access* was brought under Rule 12(b)(3), the issues were really jurisdictional due to the interaction between 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(c). *See Secure Access*, 2014 WL 3884258 at *1-2 (a plaintiff "must demonstrate that the defendant had sufficient minimum contacts with the district where the suit was brought to show venue was proper"). Courts are generally entitled to look beyond the four corners of the pleadings when its jurisdiction is at issue. *See, e.g.*, *Driving Force Technologies, Inc. v. Panda Distribution, Inc.*, 4:10-CV-24, 2012 WL 1645634 (E.D. Tex. May 10, 2012) (a court may "consider affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods") (citing *Alfred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997)). *Secure Access* is even further off-the-mark for this reason.

Dated: August 26, 2014

Respectfully submitted,

AMAZING CHARTS, LLC,

By its attorneys,

/s/ Timothy R. Shannon
Timothy R. Shannon, *pro hac vice*
Seth S. Coburn, *pro hac vice*
VERRILL DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME 04112-0586
Tel: (207) 774-4000
tshannon@verrilldana.com
sscoburn@verrilldana.com

## CERTIFICATE OF SERVICE

I, Timothy R. Shannon, hereby certify that on August 26, 2014, I caused to be filed with the CM/ECF System a true and accurate copy of this document which will be automatically sent to the following registered ECF users:

Craig Tadlock, Esq. (by ECF)
TADLOCK LAW FIRM, PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Tel: (903) 730-6789
craig@tadlocklawfirm.com

John J. Harvey, Jr., Esq. (by ECF)
TADLOCK LAW FIRM, PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Tel: (903) 730-6789
john@tadlocklawfirm.com

Keith Smiley, Esq. (by ECF)
TADLOCK LAW FIRM, PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Tel: (903) 730-6789
keith@tadlocklawfirm.com

/s/ Timothy R. Shannon
Timothy R. Shannon

5581784