# EXHIBIT 7

## Coburn, Seth

| | |
|---|---|
| **From:** | Craig Tadlock [craig@tadlocklawfirm.com] |
| **Sent:** | Tuesday, August 12, 2014 12:21 PM |
| **To:** | Shannon, Timothy; Coburn, Seth; sthomas@hallettperrin.com; blesher@hallettperrin.com; cwelsh@stoddardwelsh.com; Kenneth Biermacher (kbiermacher@krcl.com); jhummel@krcl.com; kperkins@krcl.com; Sanders, Charles (CSanders@goodwinprocter.com); rreckers@shb.com; fbell@shb.com; Herndon, Lynn (SHB) (LHERNDON@shb.com); bwebb@shb.com; 'dkelly@evans-dixon.com' (dkelly@evans-dixon.com); 'bfletcher@evans-dixon.com' (bfletcher@evans-dixon.com); bshank@evans-dixon.com; 'bworthington@ccfww.com' (bworthington@ccfww.com); mstarr@ccfww.com; jhill@mwe.com; dfoster@mwe.com; gyoder@mwe.com; jeff@travislaw.com; jared@travislaw.com; sdaniels@farneydaniels.com; tkodish@fr.com; bkt@fr.com; sfish@fr.com; psykes@babc.com; fcaprio@babc.com; aholt@babc.com; mcnewman@mintz.com; Renaud, Michael (MTRenaud@mintz.com); Koide, Brian (BKoide@crowell.com) |
| **Cc:** | John Harvey; Keith Smiley |
| **Subject:** | RE: Presqriber cases - opposed motion for leave to take limited and expedited discovery |
| **Attachments:** | 2014-08-12 Motion for Leave to Take Discovery on Mtns to Dismiss - draft.pdf |

Dear Counsel for Amazing Charts, AO Capital, Aprima, Athenahealth, Cerner, Medent, CPSI, CureMD, eCareSoft, E-MDs, McKesson, Medhost, NextGen, and QuadraMed,

This message follows up on my messages below. Each defendant listed above has either filed a Rule 12 motion (four of them are based on Section 101 (the "Section 101 Motions to Dismiss")) or answered Presqriber's Complaint. Shortly after each of these filings, we sent each answering or moving defendant a set of discovery requests.

As I discussed below, Presqriber contends that the Section 101 Motions to Dismiss should be denied, for reasons that include that there are factual issues and claim construction issues that defeat the Motions. To assist Presqriber in demonstrating the presence of factual issues and claim construction issues to the Court, Presqriber intends to seek leave to take the discovery that has previously been provided. I have attached a substantially complete draft of the Motion for Leave that Presqriber intends to file. Based on the feedback I have received from several defendants, it is my understanding that the Motion for Leave will be opposed by all defendants.

Can each of you please confirm your opposition today so that I can get the opposed motion on file? If I'm wrong about the opposition, please let me know that as well.

I have also talked with some defendants about setting a coordinated schedule for the briefing on the motion for leave and on the Section 101 Motions to Dismiss. Presqriber does not want these issues to linger, so it proposes expedited briefing on the Motion for Leave. The proposed schedule is as follows:

* Presqriber filed opposed Motion for Leave - Tuesday, August 12
* Defendants' response brief(s) due - Tuesday, August 19
* Presqriber's reply brief due - Thursday, August 21
* Defendants' sur-reply brief(s) due - Monday, August 25

Once the briefing is complete, let's give the Court a couple of weeks to rule, and then move to the briefing on the Section 101 Motions to Dismiss. Presqriber proposes that:

* If the Motion for Leave is denied, Presqriber will file its response brief on the Section 101 Motions to Dismiss by Wednesday, September 17
* If the Motion for Leave is granted, then in the normal course the discovery responses would be due 33 days after the Order granting the Motion for Leave, and Presqriber would need some time after receiving the responses to incorporate them into its response; accordingly, Presqriber would file its reply brief 45 days after the Order granting the Motion for Leave

1

I am going to set up a conference call today at 4:30 pm Eastern / 3:30 pm Central / 1:30 pm Pacific, for anyone who wants to join and talk about these issues. Dial-in information is as follows:

* Dial-in: 619-326-2772
* Passcode: 599-7346#

Thank you for your attention to these matters.

Best regards,
Craig


Craig Tadlock
Tadlock Law Firm
903-730-6789 or 214-785-6014
craig@tadlocklawfirm.com

---

**From:** Craig Tadlock
**Sent:** Thursday, July 31, 2014 10:59 AM
**To:** 'tshannon@verrilldana.com'; 'sscoburn@verrilldana.com'; sthomas@hallettperrin.com; blesher@hallettperrin.com; cwelsh@stoddardwelsh.com; Kenneth Biermacher (kbiermacher@krcl.com); Sanders, Charles (CSanders@goodwinprocter.com); Herndon, Lynn (SHB) (LHERNDON@shb.com); 'dkelly@evans-dixon.com' (dkelly@evans-dixon.com); 'bfletcher@evans-dixon.com' (bfletcher@evans-dixon.com); 'bshank@evans-dixon.com'; 'bworthington@ccfww.com' (bworthington@ccfww.com); 'jeff@travislaw.com'; sdaniels@farneydaniels.com; 'bmcaughan@smd-iplaw.com'; 'dterrell@smd-iplaw.com'; 'astinson@rameyflock.com'; 'tim.grimsrud@faegrebd.com'; 'tkodish@fr.com'; 'bkt@fr.com'; 'sfish@fr.com'; psykes@babc.com; fcaprio@babc.com; aholt@babc.com; 'mcnewman@mintz.com'; Renaud, Michael (MTRenaud@mintz.com); 'msacksteder@fenwick.com'; 'handersen@fenwick.com'; Koide, Brian (BKoide@crowell.com); jay.utley@bakermckenzie.com; 'Melissa Smith'; 'jhill@mwe.com'; 'dfoster@mwe.com'; 'gyoder@mwe.com'
**Cc:** John Harvey; 'Keith Smiley (keith@tadlocklawfirm.com)'
**Subject:** RE: Presqriber cases

Counsel - I inadvertently omitted counsel for Computer Programs and Systems, Inc. ("CPSI") from my distribution list last night, so they are added here. If you "reply all," please use this distribution list. I apologize for the inconvenience.

Best regards,
Craig

Craig Tadlock
Tadlock Law Firm
903-730-6789 or 214-785-6014
craig@tadlocklawfirm.com

---

**From:** Craig Tadlock
**Sent:** Wednesday, July 30, 2014 6:39 PM
**To:** 'tshannon@verrilldana.com'; 'sscoburn@verrilldana.com'; sthomas@hallettperrin.com; blesher@hallettperrin.com; cwelsh@stoddardwelsh.com; Kenneth Biermacher (kbiermacher@krcl.com); Sanders, Charles (CSanders@goodwinprocter.com); Herndon, Lynn (SHB) (LHERNDON@shb.com); 'dkelly@evans-dixon.com' (dkelly@evans-dixon.com); 'bfletcher@evans-dixon.com' (bfletcher@evans-dixon.com); 'bshank@evans-dixon.com'; 'bworthington@ccfww.com' (bworthington@ccfww.com); 'jeff@travislaw.com'; sdaniels@farneydaniels.com; 'bmcaughan@smd-iplaw.com'; 'dterrell@smd-iplaw.com'; 'astinson@rameyflock.com'; 'tim.grimsrud@faegrebd.com'; 'tkodish@fr.com'; 'bkt@fr.com'; 'sfish@fr.com'; psykes@babc.com; fcaprio@babc.com; aholt@babc.com; 'mcnewman@mintz.com'; Renaud, Michael (MTRenaud@mintz.com); 'msacksteder@fenwick.com';

'handersen@fenwick.com'; Koide, Brian (BKoide@crowell.com); jay.utley@bakermckenzie.com; 'Melissa Smith'
**Cc:** John Harvey; 'Keith Smiley (keith@tadlocklawfirm.com)'
**Subject:** Presqriber cases

Dear Counsel for Defendants in the Presqriber cases (6:14-cv-439 through -464),

This message is going out to all counsel for all of the remaining active Defendants (i.e., not dismissed, stayed, or on the cusp of being stayed) in the various Presqriber cases, to the extent I am aware of counsel's involvement in the case.

As you all probably know, given that it appears to be part of a coordinated joint defense effort, yesterday two defendants in the Presqriber cases filed Rule 12 Motions to Dismiss based on Section 101 (the "Section 101 Motions to Dismiss"). The Section 101 Motions to Dismiss seek to invalidate all claims of the patent-in-suit (U.S. Patent No. 5,758,095; the "'095 Patent") on grounds of subject matter ineligibility. Obviously, if a motion of this ilk is successful in invalidating the '095 Patent, it applies across the board and inures to the benefit of all defendants.

In addition to the fact that we wholeheartedly disagree with the moving defendants as to the substance and merits of the motions, we believe that they are premature until after the parties' contentions are more fully fleshed out and after claim construction. The law is such that "it will be rare that a patent infringement suit can be dismissed at the pleading stage for lack of patentable subject matter[,] because every issued patent is presumed to have been issued properly, absent clear and convincing evidence to the contrary." *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1338 (Fed. Cir. 2013); *see also Rockstar Consortium US LP, Inc. v. Samsung Electronics Co., Ltd.*, 2014 WL 1998053 at *4 (E.D. Tex. May 15, 2014). The analysis under Section 101, while ultimately a legal determination, is rife with underlying factual issues. For example, any inquiry into the scope of preemption - how much of the field is "tied up" by the claim - by definition will involve historic facts: identifying the "field," the available alternatives, and the preemptive impact of the claims in that field.. *Ultramercial*, 722 F.3d at 1339. "The presence of factual issues coupled with the requirement for clear and convincing evidence normally will render dismissal under Rule 12(b)(6) improper." *Id.* Moreover, "in part because of the factual issues involved, claim construction normally will be required" before a court can make a determination of subject matter eligibility under Section 101. *Id.*

To assist Presqriber in showing the court the presence of factual issues and claim construction issues that preclude the granting of the Section 101 Motions to Dismiss, Presqriber has served discovery requests on the defendants who have filed the Motions to date. I have attached a representative set of the requests. The requests are tailored to issues raised by the Section 101 Motions to Dismiss.

If the pending Section 101 Motions to Dismiss are withdrawn and no more similar motions are filed, Presqriber will withdraw the discovery requests. Saving that, we intend to serve similar discovery requests on each defendant as it answers or otherwise responds to the Complaint. Most of the answer dates are coming up over the next few days. If the discovery requests are objected-to, we intend to file an opposed Motion for Leave to require the defendants to provide full and complete responses to the discovery requests. It is Presqriber's position that it should have the full and complete discovery responses before it is required to respond to the Section 101 Motions to Dismiss.

All that said, we would like to talk to the defendants about:
1. Consolidating all of the Presqriber cases for all pretrial matters except venue (the way our court typically handles serially-filed cases, but sooner rather than later on account of the Section 101 Motions to Dismiss);
2. Whether defendants will agree to provide full and complete discovery responses, or whether an opposed Motion for Leave will be necessary; and
3. Coordinating the briefing schedule on the Section 101 Motions to Dismiss so that the discovery responses are received (or an opposed Motion for Leave is denied) prior to Presqriber's deadline to file its responsive brief(s) on the Section 101 Motions.

I'm not quite sure how to address this mechanically - whether there is a spokesperson for the defendants (or a small group) with whom we can communicate by phone or email, or whether we should have a huge conference call. Can someone on the defense side please let me know? I have good availability for a call either tomorrow or Friday.

Last thing, consisting of both a heads up so that no one is surprised, and an olive branch - We have offers out to most or all of you under Presqriber's Early Settlement Program, and we would like to resolve the cases under the ESP if possible. However, we have been instructed by our client to withdraw all ESP offers to a defendant immediately upon the filing of a Section 101 Motion to Dismiss by that defendant.  We have also been instructed by our client to oppose any further extensions on answer dates, unless we are in meaningful settlement discussions with a defendant (and save for situations that would be subject to Local Rule AT-3(J), which of course we will abide by).  We have a few days of runway with most of you before the answer deadline hits, and we would like to use that time as productively as we can, if discussions might be fruitful.  John is traveling for much of the day tomorrow, so for now please include me on any settlement-related communications.

Best regards,
Craig


Craig Tadlock
Tadlock Law Firm
2701 Dallas Parkway, Suite 360
Plano, TX 75093
903-730-6789 or 214-785-6014
craig@tadlocklawfirm.com
www.tadlocklawfirm.com

The preceding email message is from Tadlock Law Firm PLLC.  The message (including any attachments) contains information that may be confidential and/or protected by the attorney-client privilege or other applicable privileges.  The information contained in this email is intended only for the use of the individual or entity for whom it was intended.  If you are not the intended recipient of this message or the person responsible for delivering this email to the intended recipient, please notify the sender by replying to this message and then delete it from your system.  Any use, dissemination, distribution, or reproduction of this message by unintended recipients is strictly prohibited and may be unlawful.

4